IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE BARRIENTOS,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:23-CV-1787-E-BK |
| | § | (NO. 3:20-CR-230-E-1) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jose Barrientos under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On May 28, 2020, Movant was named in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. CR ECF No.[1] 32. Movant initially entered a plea of not guilty. CR ECF No. 49. Later,

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No.

he signed a plea agreement, CR ECF No. 129, and a factual resume. CR ECF No. 131. Pursuant to the plea agreement, Movant agreed to plead guilty to the offense charged by count two of the indictment and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 129. The plea agreement reflected that Movant understood that he faced a term of imprisonment of not less than 5 years or more than 40 years, that no one could predict the sentence that would be imposed, that the plea was freely and voluntarily made and was not the result of force or threats or promises, that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the representation he had received. *Id.* The factual resume set forth the elements of the offense charged by count two of the indictment and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 131.

On September 9, 2021, Movant appeared in open court and testified under oath that: he and counsel had discussed how the guidelines might apply but he understood that he should not depend or rely on any statement or assurance by anyone as to what sentence would be imposed; he was fully satisfied with the representation and advice he had received from counsel; he understood the essential elements of the offense charged by count two of the indictment and that he committed each one; no one had tried to make him plead guilty; he had read, understood, and discussed the plea agreement with counsel before signing it; he understood and voluntarily waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances; he understood

---

3:30-CR-230-E.

that he faced a sentence of imprisonment of not less than five years and not to exceed 40 years; he had read, understood, and discussed the factual resume with counsel before signing it and the facts set forth in it were true and correct. CR ECF No. 222.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 34. CR ECF No. 153, ¶ 30. He received a two-level minor participant adjustment, *id.* ¶ 33, and two-level and one-level reduction for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 29 and a criminal history category of III, his guideline imprisonment range was 108 to 135 months. *Id.* ¶ 81. Movant filed objections, CR ECF Nos. 154, and the probation officer prepared an addendum supporting the PSR as written. CR ECF No. 164. Movant's counsel was allowed to withdraw and another attorney was substituted, CR ECF Nos. 184, 185, and granted an extension of time in which to file additional objections to the PSR. CR ECF No. 187. Movant filed amended objections, CR ECF No. 192, and the probation officer prepared a second addendum. CR ECF No. 196. The government filed a response to Movant's amended objections urging that he lose acceptance of responsibility. CR ECF No. 197.

The Court sentenced Movant to a term of imprisonment of 126 months. CR ECF No. 200. At sentencing, the Court considered extensive arguments and overruled the objections to the PSR. CR ECF No. 219 at 11–46. The Court determined that a sentence of twice the amount of time Movant received on an earlier federal conviction for a drug offense would be appropriate. *Id.* at 66. Movant appealed, CR ECF No. 204, despite having waived the right to do so. CR ECF No. 129, ¶ 12. His attorney filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which was granted, the United States Court of Appeals for the Fifth Circuit

agreeing that the appeal presented no nonfrivolous issue. *United States v. Barrientos*, No. 22-10554, 2023 WL 2346332 (5th Cir. Mar. 3, 2023).

## II.   GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion. First, he received ineffective assistance of counsel. ECF No.[2] 1 at 4.[3] Second, there was a violation of due process. *Id.* at 5. Third, the government violated the terms of the plea agreement. *Id.* at 7. And fourth, matters that were removed from the factual resume were considered as relevant conduct. *Id.* at 8.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 13" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten numbers on the form motion are not the actual page numbers.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.     ANALYSIS

As best the Court can tell, in support of his first ground Movant contends that his counsel rendered ineffective assistance in failing to allege that the government breached the plea agreement by declining to move for a one-point reduction for acceptance of responsibility and in failing to challenge the extrapolation method used for determining relevant conduct. ECF Nos. 1 & 9. Neither argument has merit.

The record does not support Movant's argument that the government breached the plea agreement and Movant offers no independent evidence in support. Movant testified at rearraignment that all of the terms of his agreement with the government were set forth in the written plea agreement. CR ECF No. 222 at 14. The plea agreement itself reflects that it is a complete statement of the parties' agreement and that no promises or representations have been made by the United States except as set forth in writing in the agreement. CR ECF No. 129, ¶ 14. The government's obligations set forth in the agreement do not include any obligation to move for acceptance of responsibility. *Id.*, ¶ 9. Any argument that the government breached the plea agreement would be frivolous. Counsel cannot have rendered ineffective assistance in failing to make such an argument. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

With regard to the extrapolation argument, Movant seems to be asserting that the PSR took into account unreliable information that should not have been used to determine relevant conduct.[4] ECF No. 9 at 5. The PSR provides reliable evidence to support the Court's findings as to relevant

---

[4] To the extent Movant might be arguing that the Court could not take into account at sentencing information struck from or not included in the factual resume, ECF No. 9 at 4, he is mistaken. *See United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009) (defendant is sentenced based on amount of drugs involved in the offense whether specified in the count or not); *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (court may extrapolate quantity from any information that has sufficient indicia of reliability). The factual resume clearly stated that it was not intended to be a complete accounting of all of the facts and events related to the offense charged. CR ECF No. 131, ¶ 3.

conduct. The Court's findings need only be plausible in light of the record as a whole. *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). In a case like this, where there is no drug seizure or the amount seized does not reflect the scale of the offense, the Court approximates the quantity of the controlled substance. CR ECF No. 153, ¶ 20 (citing USSG § 2D1.1, comment (n.5)). The PSR describes how that amount was determined and Movant has not shown that there was any error in calculation. In fact, the PSR reflects that a very conservative calculation was made in Movant's favor. *Id.* ¶¶ 12–22, 30. In any event, counsel did object to the drug quantity determination, CR ECF No. 192, and argued the objection at sentencing. CR ECF No. 219 at 16–43. That the objection was overruled does not mean that Movant received ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

Movant's second, third, and fourth grounds cannot be pursued here for a number of reasons. The grounds should have been raised on appeal and cannot be asserted here without a showing of cause and prejudice. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *Shaid*, 937 F.2d at 232. Movant has not met his burden. Nor could he, since he waived his right to appeal these issues. CR ECF No. 129, ¶ 12. The record reflects that his waiver was knowing and voluntary; thus, it is enforceable. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). In addition, misapplications of the sentencing guidelines are not cognizable in Section 2255 motions. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). For the reasons discussed herein, Movant has not shown that any of these grounds has merit.

## V. PENDING MOTIONS

After the completion of briefing in this case, Movant filed a number of motions and miscellaneous requests. *See* ECF Nos. 19–26. To the extent they might have been intended as

amendments to the motion, they come too late. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (movant has no right to amend without leave after the government files its response to a 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same; issues not properly raised will not be considered). These motions appear to be frivolous or otherwise not based on law. For those reasons, the Court DENIES these pending motions. *See* ECF Nos. 19–26.

## VI. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED** and the pending motions are **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 9th day of August, 2024

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE